## LUTHY v. ARKANSAW TRADING COMPANY.

### Opinion delivered May 14, 1923.

1. LANDLORD AND TENANT—TRANSFER OF REVERSION—RESERVATION OF RENT.—A landlord may transfer his reversion or any part thereof, and in doing so may reserve in a deed the right to collect the rent of an unexpired outstanding lease, or he may, by oral contract with his vendee, reserve such right.

2. LANDLORD AND TENANT—PURCHASE OF LEASE BY LANDLORD—MERGER.—Where a landlord purchased from a sublessee his outstanding lease contract in order to give possession of the premises to his vendee, the term of the lease became merged in the reversion, and the lease was at an end.

Appealed from White Circuit Court; *J. M. Jackson*, Judge; affirmed.

*J. F. Wills*, for appellant.

The court erred in directing a verdict for appellee, also in refusing to give appellant's requested instruction numbered 1. Appellant reserved the rent when he sold the reversion to Shannon. 16 R. C. L. "Landlord & Tenant" §§ 118, 422: Underhill on Landlord & Tenant, § 319.

WOOD, J.   C. L. Luthy, hereafter called appellant, rented to the Arkansas Trading Company, hereafter called appellee, a certain place in White County, Arkansas, for the year beginning June 1, 1920, and ending June 1, 1921. The rent for the year was $150, to be paid $12.50 monthly. After the appellee had paid the sum of $43.75 on the rent, it sold its lease to one Broderick. About the first of September, 1920, appellant purchased from Broderick the lease and paid him for the same the sum of $125. The appellant purchased the unexpired term of the lease from Broderick in order to enable appellant to give immediate possession to one Shannon, to whom appellant had sold the place. Shannon would only purchase on condition that the outstanding lease from appellant to appellee was canceled and he was given possession of the place. Shannon did not make any claim to the rents under the lease from the appellant to the appellee. After the year had expired, the appellant instituted this action against the appellee to recover unpaid rents in the sum of $106.25.

The appellee defended on the ground that the appellant had purchased the lease from its subtenant Broderick, and had thereby canceled the same. The appellee had paid rent up to the time that the appellant purchased the lease from appellee's subtenant, Broderick, and put his vendee, Shannon, in possession thereof.

The above are the undisputed facts upon which the appellant requested the court to instruct the jury to return a verdict in his favor. The court refused the appellant's prayer for instruction, and directed the jury to return a verdict in favor of the appellee. The verdict was so returned, and judgment was entered in favor of the appellee, from which is this appeal.

To sustain his contention that the court erred in refusing to grant his prayer for a peremptory instruction, learned counsel for the appellant invoke the familiar doctrine that "a landlord may transfer his reversion or any part thereof," and in doing so he may expressly

reserve in the deed the right to collect the rent of an un-expired outstanding lease, or he may, by oral contract with his vendee, reserve such right. 16 R. C. L., Land-lord & Tenant, p. 633, §§ 118, 422; 1 Underhill on Landlord & Tenant, § 319. But this doctrine has no application to the undisputed facts of this record, for, when the appellant purchased from the appellee's tenant the outstanding lease contract, as the appellant did here, in order to give possession to his vendee, by that act he extinguished the lease between himself and the appel-lee. By such purchase the outstanding leasehold estate merged in himself as the owner of the fee.

Says Mr. Underhill: ''The same result which is brought about by a purchase of the reversion by a tenant follows also when the term is acquired by the landlord. If the tenant for years conveys all his term and the title to his leasehold interest to the lessor, the term is merged in the reversion, and the lease is at an end.'' Underhill, 2 Landlord & Tenant, p. 1230, § 725; 2 Taylor, Landlord & Tenant, § 505; 10 R. C. L. ''Merger,'' p. 666, § 26.

The undisputed evidence shows that the appellee had paid the rent to the time appellant purchased the lease from the appellee's tenant. The judgment is there-fore correct, and it is affirmed.